UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATY TAAFFE,

                Plaintiff,

    -against-

DEPARTMENT OF CORRECTIONS;
OFFICER SHIELD #14833,

                Defendants.

Case No. 1:25-cv-00828 (JLR)

**ORDER OF SERVICE**

JENNIFER L. ROCHON, United States District Judge:

      Plaintiff, who currently is in pretrial detention at the Rose M. Singer Center ("RMSC") on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that correction officers assaulted her. She names as Defendants the New York City Department of Correction ("DOC") and a correction officer identified as Officer Shield #14833. By order dated March 25, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

      As set forth in this order, the Court (1) dismisses the claims against the DOC because it is a nonsuable entity; (2) substitutes the City of New York for the DOC under Rule 21 of the Federal Rules of Civil Procedure; (3) asks the City of New York to waive service of summons; and (4) directs the New York City Law Department to identify Defendant Officer Shield #14833 and any other officer who interacted with Plaintiff on April 10, 2024, at around 9:00 a.m. Local Civil Rule 33.2 applies to the case.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**DISCUSSION**

A.   **New York City Department of Correction and the City of New York**

Plaintiff's claims against the DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status, and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace the DOC with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

B.  **Waiver of Service**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

C.  **Unidentified Officers**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DOC to identify Officer Shield #14833 and any other correction officer who interacted with Plaintiff on April 10, 2024, at around 9:00 a.m. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identity and badge number of each unidentified officer whom Plaintiff seeks to sue here and the address where the defendant may be served.[2] The Law Department must provide this information to Plaintiff and the Court within sixty (60) days of the date of this order.

Within thirty (30) days of receiving this information, Plaintiff must file an amended complaint naming the newly identified officers as defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the

---

[2] If the Doe defendant is a current or former DOC employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.

Court will screen the amended complaint and, if necessary, issue an order asking the newly added defendants to waive service.

**D.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Correction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendant City of New York waive service of summons.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007.

Local Civil Rule 33.2 applies to this case.

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

Plaintiff shall inform the Court if her mailing address or electronic contact information has changed, and may consent to electronic service to receive notifications of court filings by email, rather than relying on regular mail delivery. *See* ECF No. 2.

The Clerk of Court is directed to send an information package to Plaintiff by both (1) physical and (2) electronic mail at the addresses supplied herein and update the docket accordingly.

Dated:   March 28, 2025
         New York, New York

                                      SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

Mail To:

Katy A. Taaffe
NYSID: 07224417P
B&C: 3492301397
Rose M. Singer Center
19-19 Hazen Street
East Elmhurst, NY 11370

AnabellaDevivo124@icloud.com