UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATY A. TAAFFE,

                                    Plaintiff,

                    -against-

CITY OF NEW YORK, *et al.*,

                                    Defendants.

Case No. 1:25-cv-00828 (JLR)

**ORDER OF DISMISSAL**

JENNIFER L. ROCHON, United States District Judge:

On January 27, 2025, Plaintiff, proceeding *pro se*, brought this action under 42 U.S.C.

§ 1983.  *See* Dkt. 1.  On May 27, 2025, the City filed a letter identifying and providing service

addresses for the previously unnamed corrections officers in Plaintiff's Complaint.  *See* Dkt. 11.

On May 28, 2025, the Court reminded Plaintiff that she must file an amended complaint

naming these newly identified officers as Defendants no later than June 26, 2025.  *See* Dkt. 12;

*see also* Dkt. 8 (order of service directing Plaintiff to file amended complaint naming officers as

defendants within thirty days of receiving their identifies from the City).  The Court further

directed Plaintiff to "promptly inform the Court if her address has changed, as all Court mailings

to Plaintiff have been returned as undeliverable."  Dkt. 12; *see also* Dkt. 2 (March 18, 2024

Standing Order directing all self-represented litigants to inform the court of each change of

address or electronic contact information).

On June 30, 2025, after Plaintiff failed to file an amended complaint, provide the Court

with an updated address or electronic contact information, or otherwise communicate with the

Court, the Court issued an Order to Show Cause "why this action should not be dismissed for

failure to comply with the March 18, 2024 Standing Order or the Court's May 28, 2025 Order

directing Plaintiff to file an amended complaint."  Dkt. 15 at 1 (citations omitted).  The Court

advised Plaintiff that if she failed to "update[e] her address and fil[e] an amended complaint" by July 30, 2025, "the Court [would] dismiss this action without prejudice to Plaintiff's filing of a new civil action." *Id.* at 2. That deadline has passed without Plaintiff having provided an updated address, filing an amended complaint, or otherwise communicating with the Court.

As set forth below, the Court dismisses the action without prejudice under Federal Rule of Civil Procedure ("Rule") 41(b).

## DISCUSSION

"'Although not explicitly authorized by Rule 41(b) . . . , a court may dismiss a complaint for failure to prosecute *sua sponte*,' and may do so for failure to prosecute and for failure to follow court orders." *Lovelace v. Wells Fargo Bank, NA*, 348 F.R.D. 404, 406 (E.D.N.Y. 2025) (quoting *Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) (summary order)). "Rule 41(b) does not define 'failure to prosecute,' but '[i]t can evidence itself . . . in an action lying dormant with no significant activity to move it . . . .'" *Lewis v. City of New York*, 762 F. Supp. 3d 290, 301 n.2 (S.D.N.Y. 2025) (alteration in original) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)). "[I]n deciding whether to dismiss for failure to prosecute pursuant to Rule 41(b)," a court must consider "five non-dispositive factors" set forth by the Second Circuit:

> (1) whether the plaintiff's failure to prosecute has caused a significant delay, (2) whether the plaintiff had notice that further delay would result in dismissal, (3) the likelihood that the defendant will be prejudiced by further delay, (4) a balancing of the need to alleviate court calendar congestion against the plaintiff's right to an opportunity for his day in court, and (5) the efficacy of lesser sanctions.

*Jones v. Westchester County*, 182 F. Supp. 3d 134, 146 (S.D.N.Y. 2016) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). "The district court need not discuss each factor on the record but 'a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning.'" *Myparkingtickets.com LLC v.*

*City of New York*, No. 24-cv-00397 (LTS), 2024 WL 1181839, at *1 (S.D.N.Y. Mar. 14, 2024)

(quoting *Sanchez v. Dutchess Cnty. Dep't of Cmty. & Fam. Servs.*, No. 21-2408, 2023 WL

3047971, at *1 (2d Cir. Apr. 24, 2023) (summary order)); *accord Baffa v. Donaldson, Lufkin &*

*Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000).

The Court finds that the aforementioned factors weigh in favor of dismissing this case

under Rule 41(b).   Plaintiff has not made any filings or otherwise communicated with the Court

since she initiated this action more than six months ago, and despite being warned that failure to

provide an updated mailing address or file an amended complaint by the Court-ordered deadline

would result in the dismissal of this case, Plaintiff failed to take any action.  *See, e.g.*, *Zeigler v.*

*Annucci*, No. 23-cv-00707 (KMK), 2025 WL 1056904, at *2 (S.D.N.Y. Apr. 8, 2025) (collecting

cases where courts have dismissed *pro se* actions pursuant to Rule 41(b) after four to twelve

months of a plaintiff's failure to communicate with the court or comply with court orders);

*Capogrosso v. Troyetsky*, No. 14-cv-00381 (KNF), 2015 WL 4393330, at *4 (S.D.N.Y. July 17,

2015) ("[D]ismissal has been found appropriate for a delay as short as two months 'when a party

has become completely inaccessible, as accessibility "strongly suggests that [plaintiff] is not

diligently pursuing [her] claim."'" (second and third alterations in original) (quoting *Caussade v.*

*United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013))); *see also Murray v. Bouck*, No. 19-cv-

00317 (MKV), 2020 WL 6381935, at *3 (S.D.N.Y. Oct. 30, 2020) ("As several courts have

concluded, 'when a *pro se* litigant fails to provide the court with notice of a change of address

and misses an important deadline as a result of this failure, dismissal may be an appropriate

remedy.'" (quoting *Sterdine v. Levine*, Nos. 06-cv-05938, 06-cv-06025 (JS) (ARL), 2009 WL

3334268, at *2 (E.D.N.Y. Oct. 9, 2009))).

Moreover, there is prejudice here because "[P]laintiff has become inaccessible for months." *Caussade*, 293 F.R.D at 630 (collecting cases); *see also Lewis*, 762 F. Supp. 3d at 301 n.2 ("The City has extensive litigation in both federal and state courts and is prejudiced to some extent when cases languish."); *Lopez v. Cath. Charities of Archdiocese of N.Y.*, No. 00-cv-01247 (AGS), 2001 WL 50896, at *5 (S.D.N.Y. Jan. 22, 2001) ("Defendant[s] should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit." (quoting *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-cv-09311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000))). Given that Plaintiff has been afforded multiple opportunities to provide an updated mailing address and file an amended complaint, the Court finds that "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant[s] by retaining open lawsuits with no activity." *Murray*, 2020 WL 6381935, at *3 (alteration in original) (quoting *Amoroso v. County of Suffolk*, No. 08-cv-00826 (JFB) (ETB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010)); *see also Lewis*, 762 F. Supp. 3d at 301 n.2 ("[T]his District is one of the nation's busiest, and both it and litigants are burdened when the docket is clogged by cases that plaintiffs have neglected."). In any case, "lesser sanctions would simply impose on [D]efendant[s] the burden of continuing to litigate an action that [P]laintiff appears to have abandoned completely." *Lopez*, 2001 WL 50896, at *5; *see also Capogrosso*, 2015 WL 4393330, at *5 ("Although *pro se* plaintiffs are held to a lesser standard with regard to interpreting the law, they are held to the same standard for complying with deadlines and checking the docket sheet.").

**CONCLUSION**

For the foregoing reasons, it his hereby ORDERED that this case is DISMISSED without prejudice for failure to prosecute.  The Clerk of Court is respectfully directed to close the case.

Dated: August 18, 2025
      New York, New York

                                       SO ORDERED.

                                       *Jennifer Rochon*
                                       JENNIFER L. ROCHON
                                       United States District Judge